**PORTOFINO SOUTH CONDOMINIUM ASSOCIATION OF WEST PALM BEACH, INC., Plaintiff,**

v.

**QBE INSURANCE CORPORATION, Defendant.**

**Case No. 09–81041–CIV.**

United States District Court, S.D. Florida.

Sept. 24, 2009.

**1266**

Daniel S. Rosenbaum, John Marcus Siracusa, Joseph William Janssen, III, Melissa Devlin, Richard Chambers Valuntas, Katzman, Garfinkel, Rosenbaum, LLP, West Palm Beach, FL, for Plaintiff.

William S. Berk, Seric James Fallon, Berk Merchant & Sims PLC, Coral Gables, FL, Amy Millan Demartino, James Joseph Wicker, II, Wicker Smith O'Hara McCoy Graham & Ford, West Palm Beach, FL, Catherine Deborah Bain, Ronaflor E. Smith, C. Deborah Bain PA, North Palm Beach, FL, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant, QBE Insurance Corporation's ("QBE") Motion to Dismiss Count IV of Plaintiff's Complaint for Breach of Implied Covenant of Good Faith and Fair Dealing and Incorporated Memorandum of Law [DE–5], filed on August 10, 2009. The Court has carefully considered Plaintiff's August 27, 2009 Response to Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint [DE–10], Defendant's September 11, 2009 Reply [DE–14], related authorities submitted by the parties, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff, Portofino South Condominium Association of West Palm Beach, Inc. ("Portofino"), filed this declaratory judgement and contract action against QBE arising from property damage allegedly suffered due to Hurricane Wilma at Portofino's condominium complex. Portofino purchased a twelve (12) month commercial residential property insurance policy from QBE commencing April 26, 2005 at a substantial premium. On or about October 24, 2005, Hurricane Wilma struck West Palm Beach, Florida, allegedly causing significant hurricane damages to Portofino. Portofino promptly reported its Hurricane Wilma damages to QBE. Despite conducting inspections by QBE representatives, the complaint alleges that QBE has failed to provide Portofino with any estimate of damages, and has failed to adjust, pay and/or settle Portofino's claims.

The complaint alleges four causes of action: (1) Declaratory Judgment; (2) Breach of Contract (Actual Cash Value); (3) Breach of Contract (Replacement Cost Value); and (4) Breach of Implied Warranty of Good Faith and Fair Dealing. On August 10, 2009, QBE filed the instant motion to dismiss.

### II. DISCUSSION

The complaint alleges in Count IV that QBE breached the implied warranty of good faith and fair dealing that is part of Portofino's insurance contract. Portofino alleges that as a result of QBE's delay and failure to reasonably value the damage, to reasonably determine the cost to repair or replace Portofino's property, to make reasonable efforts to agree with Portofino as to the value of the lost or damaged property or the cost of its repair or replacement, and to value and/or adjust the loss with Portofino promptly and reasonably, Portofino suffered general compensatory damages. [DE–1, ¶ 64].

QBE moves to dismiss Count IV of Plaintiff's Complaint, arguing that Plaintiff's claim for breach of implied warranty of good faith and fair dealing should be dismissed as an improper, premature attempt to bring an action for "bad faith" or lack of "good faith," which is governed by statute in Florida, and because it is duplicative of the causes of action pled in the breach of contract claims.

## A. Motion to Dismiss Standard

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F.2d 332, 334–36 (11th Cir.1992) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir.1967)). However, this is inapplicable if the allegations are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements ...". *Iqbal*, 129 S.Ct. at 1949. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint, and "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at 563 n. 8, 127 S.Ct. 1955 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

## B. QBE's Motion to Dismiss

QBE argues that Portofino's claim is an improper premature attempt to bring an action for "bad faith" or lack of "good faith." QBE contends that Portofino is not entitled to pursue an action for breach of an alleged implied warranty of good faith and fair dealing in the context of a first-party insurance contract as no such cause of action is recognized under Florida. This Court agrees. The Court concludes that the cases *Nirvana Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 589 F.Supp.2d 1336 (S.D.Fla.2008), *Isola Condo. Ass'n, Inc. v. QBE Ins. Corp.*, Case No. 08–21592–CIV, 2008 WL 5169458 (S.D.Fla. Dec. 8, 2008), *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, Case No. 07–22988–CIV, 2008 WL 2490450 (S.D.Fla. June 18, 2008), and *Quadomain Condo. Ass'n, Inc. v. QBE Ins. Corp.*, Case No. 07–60003–CIV–MORENO, 2007 WL 1424596 (S.D.Fla. May 14, 2007) reached the correct results under Florida law and are dispositive of Plaintiff's claim.

In *Quadomain*, Chief Judge Moreno dismissed a claim for breach of implied war-

ranty of good faith and fair dealing almost identical to Plaintiff's, finding that such a claim "is one for bad faith dressed in breach-of-implied-warranty clothing." 2007 WL 1424596, at *6. The plaintiff in *Quadomain* alleged that the defendant breached its implied warranty of good faith and fair dealing by failing to "fairly" pay its claim. *Id.* The Court concluded that the plaintiff's assertion that the defendant failed to "fairly" pay its claim was "analogous to the term 'wrongful' which would imply a statutory bad faith claim under § 624.115." *Id.* Therefore, "[b]ecause such a [bad faith] claim would be premature if brought" before the coverage litigation is adjudicated, the Court granted the defendant's motion to dismiss. *Id.*

Similarly, in *Isola* the plaintiff asserted that the defendant breached its implied warranty of good faith and fair dealing by failing to "fairly and promptly investigate, pay, or settle the damage claim." 2008 WL 5169458, at *2. The *Isola* Court focused upon Chief Judge Moreno's decision in *Quadomain,* noting that while a "breach of implied warranty allegation could theoretically be asserted together with an express breach of contract claim arising from the failure to provide property coverage under Florida law, notwithstanding the settled rule that there is no separate cause of action for breach of that duty," nevertheless, such a claim "ha[s] to be dismissed based upon its overlap with a statutory bad faith claim that can only be brought under Fla. Stat. § 624.155." *Id.* at *3. The *Isola* Court held that "because the factual allegations underlying [the plaintiff's] claim are based upon [the defendant's] failure to fairly and promptly perform under its obligations in the contract, that contractual claim can only be asserted, if at all, together with the extra-contractual bad faith claim under section 624.155." *Id.*

Thus, the *Isola* Court concluded that the plaintiff's claim must be dismissed as a matter of law as the plaintiff's "relief for the unreasonable or untimely payment of its claim is limited to a section 624.155 action that does not ripen until this litigation is concluded." *Id.*; *see also Nirvana,* 589 F.Supp.2d at 1340 (holding that because the plaintiff's claim for breach of implied warranty of good faith and fair dealing was based upon the defendant's failure to fairly and promptly perform under the contract, the claim could only be "asserted, if at all, together with the extra-contractual bad faith claim under section 624.155."); *Buckley,* 2008 WL 2490450, at *7 (holding allegations of failure to fairly and promptly perform under the contract can only be "asserted, if at all, together with the extra-contractual bad faith claim under section 624.155.").

Analogously, Portofino alleges that as a result of QBE's delay and failure to reasonably value the damage, to reasonably determine the cost to repair or replace Portofino's property, to make reasonable efforts to agree with Portofino as to the value of the lost or damaged property or the cost of its repair or replacement, and to value and/or adjust the loss with Portofino promptly and reasonably, QBE breached its implied warranty of good faith and fair dealing and Portofino suffered general compensatory damages. [DE-1, ¶ 64]. As in the cases cited above, the Court finds that Portofino's allegations that QBE failed to "reasonably" and "promptly" investigate and pay its claim are "analogous to the term 'wrongful' which would imply a statutory bad faith claim under § 624.115." *Quadomain,* 2007 WL 1424596, at *6 (plaintiff's assertion that the defendant failed to "fairly" pay its claim was "analogous to the term 'wrongful' "); *see also Isola,* 2008 WL 5169458, at

*3 (relief founded upon "unreasonable" or "untimely" payment of its claim is limited to a section 624.155 action). Therefore, the Court concludes that Portofino's claim "is one for statutory bad faith dressed in breach-of-implied-warranty clothing," which is premature if brought before the coverage litigation is adjudicated. *Quadomain*, 2007 WL 1424596, at *6.

In contrast to the above cases, Portofino cites authorities in the Southern District of Florida for the proposition that a claim for breach of implied warranty of good faith and fair dealing is separate and distinct from a cause of action for first party bad faith. *See e.g., Arlen House E. Condo. Ass'n, Inc. v. QBE Ins. (Europe) Ltd.*, Case No. 07–23199–CIV, 2008 WL 4500690 (S.D.Fla. Sept. 30, 2008); *Townhouses of Highland Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 504 F.Supp.2d 1307 (S.D.Fla.2007). The Court has considered the cases cited by Plaintiff and determined that those cases incorrectly applied Florida law. While noting that these issues have been certified to the Florida Supreme Court for review (*see Chalfonte Condo. Apartment Ass'n v. QBE Ins. Corp.*, 561 F.3d 1267, 1274–75 (11th Cir.2009)), this Court concludes after a review of the pertinent Florida caselaw and statutory history, that within the first party insurance context under the current state of Florida law, a cause of action for breach of implied warranty of good faith and fair dealing is subsumed in a bad faith action pursuant to Florida Statute § 624.155. The Court refrains from an exhaustive discussion of Florida law, but instead refers approvingly to Magistrate Judge Torres' detailed analysis in *Buckley Towers Condo., Inc. v.*

*QBE Ins. Corp.*, Case No. 07–22988–CIV, 2008 WL 2490450, at *7–11 (S.D.Fla. June 18, 2008).

Therefore, Portofino's claim for breach of implied warranty of good faith and fair dealing must be dismissed as a matter of law as Portofino's relief for purported "unreasonable or untimely payment of its claim is limited to a section 624.155 action that does not ripen until this litigation is concluded." *Isola*, 2008 WL 5169458, at *6.[1]

### III. CONCLUSION

Accordingly, for the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. QBE's Motion to Dismiss Count IV of Plaintiff's Complaint for Breach of Implied Covenant of Good Faith and Fair Dealing and Incorporated Memorandum of Law [DE–5] is hereby **GRANTED.**

2. Count IV of Plaintiff's Complaint for Breach of Implied Covenant of Good Faith and Fair Dealing is hereby **DISMISSED WITH PREJUDICE.**

---

1. Since the Court has determined that Portofino's claim for breach of implied warranty of good faith and fair dealing should be dismissed as a matter of law, the Court declines to consider QBE's alternative argument that the claim is duplicative of the causes of action pled in the breach of contract claims.