**TRIANON CONDOMINIUM ASSOCIATION, INC.,**
Plaintiff,

v.

**QBE INSURANCE CORPORATION,**
Defendant.

**Case No. 10–80812–CIV.**

United States District Court, S.D. Florida.

Oct. 1, 2010.

Daniel S. Rosenbaum, Joseph William Janssen, III, Laurel Ruthanne Wiley, Melissa Devlin, Richard Chambers Valuntas, John Marcus Siracusa, Rosenbaum Mollengarden Janssen & Siracusa, PLLC, West Palm Beach, FL, for Plaintiff.

William S. Berk, Melissa M. Sims, Patrick Edward Betar, Berk Merchant & Sims PLC, Coral Gables, FL, James Joseph Wicker, II, Rachel Studley, Wicker Smith O'Hara McCoy & Ford, LLC, West Palm Beach, FL, for Defendant.

### *ORDER GRANTING MOTION TO DISMISS COUNTS I AND IV*

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant QBE Insurance Corporation's ("QBE") Motion to Dismiss Counts I and IV of Plaintiff's Complaint [DE 14], filed herein on August 9, 2010. The Court has carefully considered the Motion, Plaintiffs' Response [DE 21], Defendant's Reply [DE

25], and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff Trianon Condominium Association, Inc. ("Trianon") commenced this action on July 12, 2010. Plaintiff is a non-profit condominium association and corporation comprised of 110 units located in West Palm Beach, Florida. QBE issued Insurance Policy No. QR3083–05 to Trianon, which provided commercial residential property coverage to Trianon for the twelve (12) month period commencing December 4, 2004, in exchange for a premium of $50,217.00. ("Insurance Contract," DE 1, Composite Exhibit "A").

Plaintiff alleges that, on or about October 24, 2005, Trianon sustained significant hurricane damages to its residential condominium property as a result of Hurricane Wilma. Trianon promptly reported its Hurricane Wilma damages to QBE. (Comp. ¶ 10). QBE then partially inspected the damages to Trianon and, without reasonable basis or justification, denied the claim. (Comp. ¶ 11). Trianon has complied with its obligations under the Insurance Contract. (Comp. ¶ 12). QBE has failed to provide Trianon with any estimate of damages, has failed to adjust, pay and/or settle Trianon's claim for hurricane damages, despite its obligations to do so under Chapter 627.70131, Florida Statutes, and the Insurance Contract. (Comp. ¶ 13).

Plaintiff's Complaint contains four claims for relief: (1) declaratory judgment; (2) breach of contract (actual cash value); (3) breach of contract (replacement cost value); and (4) breach of implied warranty of good faith and fair dealing. Defendant filed the instant Motion on August 9, 2010, seeking to dismiss Count I(d), (e), and (f) and Count IV of the Complaint.

## II. DISCUSSION

### A. Motion to Dismiss Standard

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley*, 355 U.S. at 41, 78 S.Ct. 99). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F.2d 332, 334–36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir.1967)).

However, this is inapplicable if the allegations are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements ...". *Iqbal*, 129 S.Ct. at 1949. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint, and "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at 563 n. 8, 127 S.Ct.

1955 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

### B. Defendant's Motion to Dismiss

Defendant QBE moves to dismiss Count I(d), (e), and (f) and Count IV of the Complaint on the following grounds: (1) Count I, section (e), regarding coinsurance, is not subject to a declaratory judgment because Defendant has never invoked, intended to invoke, nor threatened to invoke the co-insurance provision of the Insurance Contract; (2) Count I, section (e) requests relief not available under Florida law, as has been found by several courts in this district; (3) Count I, sections (d) and (f) improperly request monetary damages rather than a declaration of rights and are duplicative of Counts II and III, which allege breaches of contract; and (4) Count IV, alleging Breach of Implied Warranty of Good Faith and Fair Dealing, must be dismissed because, as a matter of law, a claim for a breach of the duty of good faith and fair dealing cannot be raised until the coverage litigation has concluded, as is the case with a bad faith claim under Fla. Stat. § 624.155.

### (1) Count I, sections (e)

In Count I, Declaratory Judgment Against QBE, Plaintiff seeks a declaratory judgment, in pertinent part: "(e) that the Insurance Contract fails to comply with Section 627.701(4)(a), Florida Statutes; therefore, the provisions concerning co-insurance and a separate hurricane deductible are void and unenforceable." [DE 1 at p. 7].

*Coinsurance issue*

Count I(e) of the Complaint asks the Court to enter a declaratory judgment that the Insurance Contract's co-insurance provision is void and unenforceable for violating Section 627.701, Florida Statutes. Defendant argues that the Complaint does not allege that Defendant seeks to enforce the coinsurance penalty. Accordingly, as Plaintiff merely seeks legal advice from the Court, a declaratory judgment would be improper in this case.

■ Declaratory judgments in Florida are governed by Chapter 86 of the Florida Statutes. Section 86.011 of the Florida Statutes provides:

> The circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed. No action or procedure is open to objection on the ground that a declaratory judgment is demanded. The court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment. The court may render declaratory judgments on the existence, or nonexistence:
>
> (1) Of any immunity, power, privilege, or right; or
>
> (2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future. Any person seeking a declaratory judgment may

Fla. Stat. ch. 86.011. Florida law requires an individual seeking declaratory relief to show that:

> there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is

some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.

*Santa Rosa County v. Administration Commission, Division of Administrative Hearings,* 661 So.2d 1190, 1192–93 (Fla. 1995) (citations omitted). "The declaratory judgment act is not to be used as a tool to advise attorneys as to the proper path to pursue." *McIntosh v. Harbour Club Villas Condominium Ass'n,* 468 So.2d 1075, 1081 (Fla. 3d DCA 1985); *Kelner v. Woody,* 399 So.2d 35, 38 (Fla. 3d DCA 1981).

█ The declaratory judgment count of Plaintiff's Complaint fails to allege any actions taken on behalf of the either party that would support Plaintiff's conclusion that there is uncertainty as to any right or obligation with regard to the enforceability under Florida law of the coinsurance provision in the Insurance Contract. *See Malowney v. Federal Collection Deposit Group,* 193 F.3d 1342, 1346–47 (11th Cir. 1999) (affirming dismissal of declaratory relief claim for failure to allege any facts from which the court could reasonably conclude there was a substantial likelihood that plaintiffs would suffer future injury).

Based upon the allegations of the Complaint, the Court finds that Plaintiff has failed to allege sufficient facts which, when taken as true, state a cause of action for a declaratory judgment under section 86.011 of the Florida Statutes. Plaintiff is merely seeking an advisory opinion as to the enforceability of a provision in the contract. The present case is no different than a lawsuit which may have been brought by Plaintiff immediately after the parties entered into the contract. If QBE never takes any action to enforce the coinsurance provision, a judicial determination as to the enforceability of the coinsurance provision in question is purely advisory. *See Quadomain Condo. Ass'n, Inc. v. QBE Ins. Corp.,* 2007 WL 1424596, *6–7 (S.D.Fla.2007) (dismissing plaintiff's claim for declaratory judgment decreeing as void the provisions of the insurance contract requiring coinsurance payments for violation of section 627.701). Thus, there is no "bona fide, actual, present practical need for the declaration" Plaintiff seeks. Accordingly, QBE's motion to dismiss Count I(e) regarding the Insurance Contract's coinsurance provision is granted.

*Hurricane deductible issue*

Also in Count I(e), Plaintiff claims that the Insurance Contract's hurricane deductible is void for violating Section 627.701(4)(a), which provides in pertinent part:

(4)(a) Any policy that contains a separate hurricane deductible must on its face include in boldfaced type no smaller than 18 points the following statement: "THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR HURRICANE LOSSES, WHICH MAY RESULT IN HIGH OUT–OF–POCKET EXPENSES TO YOU."

█ Defendant argues that, while Section 627.701(4)(a) requires that a hurricane deductible provision be printed in a certain size and contain certain language, it does not provide for a private right of action should a policy not conform. When a statute does not provide a private cause of action, the primary factor in determining whether to infer one is legislative in-

tent. *Aramark Uniform & Career Apparel, Inc. v. Easton,* 894 So.2d 20, 23 (Fla. 2004). Courts must determine legislative intent from the plain meaning of the statute. *Id.*; *State v. Dugan,* 685 So.2d 1210, 1212 (Fla.1996). Furthermore, "it is the duty of the court to interpret laws and not to make them, and we are to make no subtraction or addition to the meaning of a statute." *Curry v. Lehman,* 55 Fla. 847, 47 So. 18, 20 (1908).

■ QBE submits that there is no independent cause of action for violating Section 627.701(4)(a). The Court agrees. If a penalty had been intended, the Legislature was fully capable of supplying one and, in fact, did provide specific remedies in other sections of the statute. "The Court will not create a penalty where the Legislature chose not to do so." *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins.,* 643 F.Supp.2d 1356, 1362 (S.D.Fla.2009). *See also Chalfonte Condominium Apartment Association, Inc. v. QBE Insurance Corporation,* 526 F.Supp.2d 1251, 1257 (S.D.Fla.2007), *rev. pending,* Case No. SC09–441 (Fla. Sup. Ct.) ("the legislature seems to suggest that in the absence of an express penalty, courts should assume that a policy provision is valid despite noncompliance with the Insurance Code."); *RTG Furniture Corp. v. Industrial Risk Insurers,* 616 F.Supp.2d 1258, 1267 (S.D.Fla. 2008) ("in the absence of an express penalty attached to this statute which prescribes the manner in which property insurers are to alert their insureds that the policy contains a separate hurricane deductible, the court is not at liberty to supply one."); *Quadomain Condo. Ass'n, Inc. v. QBE Ins. Corp.,* 2007 WL 1424596, *6–7

(S.D.Fla.2007) (finding that no independent cause of action exists for Fla. Stat. § 627.701(4)(a)); *El–Ad Residences at Miramar Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co, et al.,* 09–60723–CIV–JORDAN at p. 14 (S.D.Fla. Sept. 28, 2010) ("Even assuming that the windstorm deductible violated § 627.701, the statute does not provide any penalty provision indicating that such a deductible is void and unenforceable. I cannot create a penalty provision, voiding the windstorm deductible or construing it against Mr. Hawley, where the legislature chose not to do.")

Accordingly, QBE's motion to dismiss Count I(e) regarding the Insurance Contract's hurricane deductible is granted.[1]

### (2) Count I, sections (d) and (f)

In Count I, Declaratory Judgment Against QBE, Plaintiff seeks a declaratory judgment, in pertinent part: (d) determining the total amount of the loss and damages caused by Hurricane Wilma to Trianon, and (f) award[ing] supplemental relief to fully compensate Trianon for all of its hurricane related damages under Chapter 86, Florida Statutes. [DE 1 at 7]. QBE argues that these are not proper bases for declaratory relief, and are duplicative of the relief sought in Plaintiff's breach of contract actions, found in Counts II and III of the Complaint (which QBE has not sought to dismiss).

In *May v. Holley,* 59 So.2d 636 (Fla. 1952), the Florida Supreme Court established six requirements required for a court to entertain a declaratory action in Florida To plead a claim for declaratory

1. The Court notes that on March 9, 2009, the Eleventh Circuit certified the question of what remedy an insured has for noncompliance with Florida Statute § 627.701(4)(a), as the consequences of noncompliance with that provision had not yet been addressed by the Florida Supreme Court. *Chalfonte Condo.*

*Apt. Ass'n, Inc. v. QBE Ins. Corp.,* 561 F.3d 1267 (11th Cir.2009). Accordingly, the Court will dismiss Count I(e) without prejudice to reassert in the event that the Florida Supreme Court rules on this issue in favor of the insured.

relief, a plaintiff must plead facts to show: (1) there is a bona fide, actual, present practical need for the declaration; (2) that the declaration deals with a present, ascertained or ascertainable state of facts or present controversy; (3) that some right or privilege of the complaining party is dependent upon the facts or the law applicable to the facts; (4) there is some person who has an actual, present adverse interest in the subject matter; (5) all adverse parties are presently before the court; and (6) the relief sought is not merely seeking an advisory opinion. *Id.* at 639.

■ Subsections (d) and (f) do not seek a declaration that any portion of the Insurance Contract is illusory or ambiguous. *See Rigel v. Nat'l Cas. Co.,* 76 So.2d 285, 286 (Fla.1954) ("[I]f the language of a policy is plain and unambiguous, there is no occasion for the Court to construe it."). Nor do they ask for a declaration that the policy is valid and enforceable. *See Northland Cas. Co. v. HBE Corp.,* 160 F.Supp.2d 1348, 1358 (M.D.Fla.2001) ("[W]here the provisions of an insurance policy are clear and unambiguous, the terms of the policy will be accorded their plain meaning and enforced as written."). Rather, the relief sought in these sections asks the Court to assume liability is established in Plaintiff's breach of contract counts and to judicially declare the amount of damages and fees to be awarded. These are not proper bases for declaratory relief.

Moreover, in the wherefore clauses of the breach of contract counts (Counts II and III of the Complaint), Plaintiff "demands judgment for compensatory damages and special damages, together with interest, attorney's fees under Section 627.428, Florida Statutes, and costs, and other such relief as this Court deems just, equitable, and proper." [DE 1 at 10, 12]. As such, the requested "declarations" sought in Count I(d) and (f) merely mirror and are duplicative of the relief sought by Plaintiff in its breach of contract causes of action.

Accordingly, QBE's motion to dismiss the relief sought in Count I(d) and (f) of the Complaint is granted.

### (3) Count IV—Breach of Implied Warranty of Good Faith and Fair Dealing

In Count IV, Plaintiff alleges that QBE breached the implied warranty of good faith and fair dealing, which it contends is a material term in every Florida contract, including the Insurance Contract. QBE moves to dismiss Count IV of Plaintiff's Complaint, arguing that Plaintiff's claim for breach of implied warranty of good faith and fair dealing should be dismissed as an improper, premature attempt to bring an action for "bad faith" or lack of "good faith," which is governed by statute in Florida, and because it is duplicative of the causes of action pled in the breach of contract claims.

This Court recently addressed this issue in *Portofino South Condominium Ass'n Of West Palm Beach, Inc. v. QBE Ins. Corp.,* 664 F.Supp.2d 1265 (S.D.Fla.2009). After examining the contrasting authorities, this Court determined that the insured was not entitled to pursue an action for breach of an alleged implied warranty of good faith and fair dealing in the context of a first-party insurance contract, as no such cause of action is recognized under Florida law. *Id.* at 1267, citing favorably *Nirvana Condo. Ass'n, Inc. v. QBE Ins. Corp.,* 589 F.Supp.2d 1336 (S.D.Fla.2008); *Isola Condo. Ass'n, Inc. v. QBE Ins. Corp.,* 2008 WL 5169458 (S.D.Fla.2008); *Buckley Towers Condo., Inc. v. QBE Ins. Corp.,* 2008 WL 2490450 (S.D.Fla.2008); *Quadomain Condo. Ass'n, Inc. v. QBE Ins. Corp.,* 2007 WL 1424596 (S.D.Fla.2007).

The Court again refrains from an exhaustive discussion of Florida law, but instead refers approvingly to Magistrate

Judge Torres' detailed analysis in *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, Case No. 07–22988–CIV, 2008 WL 2490450, at *7–11 (S.D.Fla. June 18, 2008). Accordingly, in this case, the Court concludes that, under Florida law, Plaintiff's claim that QBE breached an implied warranty of good faith and fair dealing by failing to reasonably and promptly determine the value of Plaintiff's hurricane-related damages, and to adjust, pay, and/or settle its claims under the Insurance Contract is "subsumed in a bad faith action pursuant to Florida Statute § 624.155." *Portofino*, 664 F.Supp.2d at 1269.

■■■ As such, Count IV, Plaintiff's claim for breach of the implied warranty of good faith and fair dealing, must be dismissed as a matter of law as premature, since the coverage litigation has not yet been adjudicated. *See id.* at 1269; *see also Isola*, 2008 WL 5169458, *6 (holding plaintiff's "relief for the unreasonable or untimely payment of its claim is limited to a section 624.155 action that does not ripen until this litigation is concluded.").[2]

### III. *CONCLUSION*

Accordingly, it is **ORDERED AND AD-JUDGED** as follows:

1. Defendant QBE Insurance Corporation's Motion to Dismiss Count I(d), (e), and (f) and Count IV of Plaintiff's Complaint [DE 14] is hereby **GRANTED;**

2. Count I(d), (e), and (f) and Count IV of Plaintiff's Complaint [DE 14] are hereby **DISMISSED** in accordance with this Order.

---

**2.** Since the Court has determined that Trianon's claim for breach of implied warranty of good faith and fair dealing should be dismissed as a matter of law, the Court declines to consider QBE's alternative argument that the claim is duplicative of the causes of action pled in the breach of contract claims.